IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 7:12-cr-12 |
| | ) |
| | ) By: Michael F. Urbanski |
| ANTHONY S. POINDEXTER, | ) |
| Defendant | ) Chief United States District Judge |

**MEMORANDUM OPINION**

This matter comes before the court on defendant Anthony S. Poindexter's motions for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF Nos. 46, 49.[1] The government opposes Poindexter's motion, ECF No. 53, and Poindexter has replied. ECF No. 54. The court will **DENY** Poindexter's motions because he has not fully exhausted his request for compassionate release with the Bureau of Prisons (BOP) and, even if the court were to excuse such failure to exhaust, consideration of the factors under 18 U.S.C. § 3553(a) weigh in favor of continued custody.

I.

On July 27, 2012, Poindexter was sentenced to 130 months for possession with intent to distribute more than 28 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c). Poindexter is currently housed in FCI Elkton.

---

[1] Poindexter's first pro se motion for compassionate release, ECF No. 42, was denied without prejudice by this court for failure to exhaust available administrative remedies, ECF No. 45. On May 6, 2020, the court appointed the Federal Public Defender. On May 11, 2020, Poindexter, again proceeding pro se, filed a second motion for compassionate release, ECF No. 46. On May 18, 2020, Poindexter, this time represented by counsel, filed a third motion for compassionate release, ECF No. 49. The court will consider both motions, ECF Nos. 46, 49.

Leading to his arrest, Poindexter sold crack cocaine to a confidential informant. When a search warrant was executed at his residence in Roanoke, VA, where he lived with his father, wife, and daughter, law enforcement found 168 grams of crack cocaine and three firearms. Poindexter admitted that he had been selling cocaine for about a year and his supplier was from New York. He then entered a guilty plea to the possession with intent to distribute and possession of a firearm charges.

On July 8, 2015, based on the crack cocaine sentencing amendments, the court recalculated Poindexter's amended guidelines range and reduced his sentence to 120 months. Poindexter is projected to be released on February 5, 2021, and the BOP previously recommended that he be placed in a residential reentry center for 180-day prior to his release, which would be around August 2020.

On April 12, 2020, Poindexter requested compassionate release from the warden of FCI Elkton and the warden denied his request on April 27, 2020. Poindexter then filed the current motion, and he asks for immediate release to home confinement to be served during his time of supervised release. In his motion, Poindexter asks the court to reduce his sentence for three reasons: (i) the sentence reduction is minor; (ii) Poindexter faces a significant risk from COVID-19 because he is diabetic and has hypertension; and (iii) public safety will not be adversely affected by granting the motion.

## II.

In general, a "court may not modify the term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, the compassionate release statute, 18 U.S.C. §

3582(c)(1)(A), as amended by the First Step Act, creates an exception to this rule and authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, Poindexter's requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, if the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a sentence reduction; and (3) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence and if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

    i.    <u>Poindexter has failed to exhaust available administrative remedies.</u>

The provision allowing defendants, in addition to the BOP, to bring motions under § 3582(c) was added by the First Step Act, in order to "increas[e] the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5239 (2018). As such, the compassionate release statute requires that a petitioner exhaust his administrative remedies prior to bringing a motion before the district court. See 18 U.S.C. § 3582(c)(1)(A). A petitioner

only may bring a motion in the district court if one of two conditions is satisfied, either (i) "the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or (ii) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id. The first condition requires that the defendant fully exhaust all administrative rights – this means that it is not enough for the warden to respond within 30 days by denying the request for compassionate release. If the warden denies the request within 30 days, the petitioner must then exhaust all administrative appeals available through the BOP. The second condition can only be met after the lapse of 30 days from when the warden received the petitioner's request and has not responded.

Here, it is undisputed that the warden responded within 30 days. Indeed, Poindexter acknowledges that he "has not yet exhausted his administrative appeals," ECF No. 54, at 2. However, Poindexter argues that the court should waive the exhaustion requirement and rule on the merits of the motion. Requiring exhaustion generally furthers the purpose of the compassionate release statute because the BOP is best situated to understand an inmate's health and circumstances relative to the rest of the prison population and identify "extraordinary and compelling reasons" for release. See United States v. Zukerman, ___ F.Supp.3d ___, 2020 WL 159880, at *3 (S.D.N.Y. Apr. 3, 2020). Therefore, in only limited circumstances, where requiring exhaustion would defeat, not further, the policies underlying compassionate release, should the court waive such requirements. Id.

While this court has acknowledged that the exhaustion requirement may be waived under very narrow circumstances, none of such are present here. Specifically, the exhaustion

4

requirement can be waived only (1) where it would be futile; (2) where the administrative process would be incapable of granting adequate relief; (3) where pursuit of agency review would subject the petitioner to undue prejudice; or (4) where the government has failed to raise exhaustion as a ground for denying the motion. See United States v. Poulios, No. 2:09-cr-109, 2020 WL 1922775, at *1 (E.D. Va. Apr. 21, 2020); see also United States v. Crawford, No. 2:03-cr-10084, 2020 WL 2537507, at *1 (W.D. Va. May 19, 2020) (finding that the exhaustion requirement has been waived where the government failed to raise exhaustion as a ground for denying the motion); Coleman v. United States, 4:17-cr-69, 2020 WL 3039123, at *4 (E.D. Va. June 4, 2020) ("Under such circumstances, judicial waiver of the exhaustion requirement is permissible in light of the extraordinary threat certain inmates face from COVID-19.") (internal citations omitted).[2] When a defendant has neither exhausted BOP's administrative appeals or shown that he should be excused from exhausting them, his motion for compassionate release must be denied. See United States v. Mattingley, No. 6:15-cr-5, 2020 WL 974874, at *6 (W.D. Va. Feb. 28, 2020).

Poindexter has not established that his case satisfies the narrow exceptions for waiver of the exhaustion requirement. In fact, Poindexter argues that the court should waive the

---

[2] The court notes that there is disagreement amongst the district courts regarding if the exhaustion requirement can be waived. While the Fourth Circuit has not addressed the exhaustion requirement with respect to compassionate release claims, the Sixth and Third Circuits have. See United States v. Alam, ___ F.3d ___, 2020 WL 2845694 (6th Cir. June 2, 2020); United States v. Raia, 954 F.3d 594, 597 (3rd Cir. 2020). Both courts found the prisoner's failure to comply with § 3582(c)(1)(A)'s administrative exhaustion requirement to be "a glaring roadblock foreclosing compassionate release." See Alam, 2020 WL 2845694, at *4 (quoting Raia, 954 F.3d at 597). Nevertheless, because this outside precedent is not binding on the court, and the Fourth Circuit has yet to rule on the question, the court finds that in certain circumstances "equitable exceptions to the exhaustion requirement [can be] necessary for timely judicial review of compassionate release motions during the COVID-19 pandemic." See Coleman, 2020 WL 3039123, at *3 (quoting United States v. Williams-Bethea, No. 18-cr-78, 2020 WL 2848098, at *3 (S.D.N.Y. June 2, 2020)).

exhaustion requirement merely because it has the authority to do so. The court disagrees. Specifically, Poindexter has not shown that his appeal would be futile, that the administrative appeals process is unable to grant him the relief he seeks, or that he will face undue prejudice through the administrative appeals process. Accordingly, the court finds that Poindexter has failed to exhaust his administrative appeals and the court will not excuse such a failure.

    ii.    <u>The § 3553(a) factors weigh against a sentencing reduction.</u>

Even if the court were to excuse Poindexter's failure to exhaust his administrative appeals, his motion could not survive the application of the relevant sentencing factors. In order to reduce a petitioner's sentence under § 3582(c)(1)(A), the court must consider if a sentence reduction is consistent with the applicable § 3553(a) factors. <u>See</u> 18 U.S.C. § 3582(c)(1)(A).

The court finds that the § 3553(a) factors weigh in favor of continued incarceration. Those factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. <u>See</u> 18 U.S.C. § 3553(a). Here, each of these factors weigh against release.

Poindexter has a history of serious drug distribution and disobeying court orders. Poindexter's criminal history includes two significant crack cocaine distribution charges, multiple probation violations, and four contempt of court convictions. On top of that,

Poindexter ran the cocaine distribution network at issue in this case for over a year. When the police searched his residence, despite Poindexter's status as a felon, they located three firearms and multiple rounds of ammunition throughout his house, along with cash and narcotics. Poindexter's history of drug distribution and possession of firearms demonstrates that he is a danger to the community. Additionally, while incarcerated, Poindexter has received multiple disciplinary infractions. The court agrees with Poindexter that these infractions alone are not sufficient to prevent his compassionate release claim, however, when taken together with the rest of the § 3553(a) factors, the court cannot grant Poindexter's release. The court further finds that Poindexter's planned move to the half-way house will benefit him greatly in terms of complying with the terms of supervised release upon his eventual release in 2021.[3]

### III.

For the reasons stated herein, the court **DENIES** Poindexter's motions for compassionate release, ECF No. 46, 49. The clerk is directed to send a copy of this memorandum opinion and accompanying order to the petitioner, his counsel of record, and the United States. An appropriate order will be entered.

It is so **ORDERED**.

Entered: June 25, 2020

Mike Urbanski
cn=Mike Urbanski, o=US Courts, ou=Western District of Virginia,
email=mikeu@vawd.uscourts.gov, c=US
2020.06.25 15:15:20 -04'00'

Michael F. Urbanski
Chief United States District Judge

---

[3] Because the court finds that Poindexter has not exhausted his available administrative remedies and that the § 3553(a) factors weigh against his release, it need not determine if Poindexter presents an extraordinary and compelling reason to warrant a sentence reduction. While the court is sympathetic to Poindexter's medical conditions and the risk that COVID-19 poses, "the mere existence of COVID-19 in society . . . cannot independently justify compassionate release." See Raia, 954 F.3d at 597.